**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BATRAZ GAEV,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-111-G** |
| **DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement (ICE), et al.,** | ) | |
| **Respondents.**[1] | ) | |

## ORDER

Petitioner Batraz Gaev filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review. Certain Respondents filed a Motion to Dismiss (Doc. No. 12),[2] Petitioner filed a Response (Doc. No. 13), and Respondents filed a Reply (Doc. No. 14).

On April 3, 2026, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 15), in which she recommended that the Motion to Dismiss be denied and the

[1] Acting Director Venturella, Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, and Todd Blanche, Attorney General of the United States, are hereby substituted as respondents for Todd M. Lyons, Kristi Noem, and Pamela Bondi, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] The appearing Respondents are: Acting Director Venturella; Marcos Charles, Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; Secretary Mullin; and Attorney General Blanche.

Petition be granted, with Respondents ordered to immediately release Petitioner. Respondents filed an Objection (Doc. No. 16) to the R. & R., to which Petitioner filed a Response (Doc. No. 16) and Respondents replied (Doc. No. 17).

The Court must make a de novo determination of the portions of the R. & R. to which specific objection has been made, and the Court may accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

*I. Background*

The material facts set forth in the R. & R. are not contested by either party. Petitioner is a citizen of Russia who entered the United States on November 26, 2021. R. & R. at 2; *see also* Pet. ¶¶ 1, 9. After entering, Petitioner encountered immigration officials at the "San Ysidro, California Port of Entry." Resp'ts' Mot. at 7; *id.* Ex. 1 (Doc. No. 12-1) at 2-3. Petitioner was charged as removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he was unable to produce valid entry documents. *See* Resp'ts' Mot. Ex. 1, at 2. Petitioner was served with a Notice to Appear that designated him as an "arriving alien." Resp'ts' Mot. Ex. 2 (Doc. No. 12-2) at 1. Shortly after Petitioner's encounter with immigration officials, the United States released Petitioner from detention—a decision that the R. & R. construes as a "release on conditional parole" rather than humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). R. & R. at 2, 9-13.

Petitioner applied for asylum, and an Immigration Judge granted his application in July 2025. R. & R. at 2. The U.S. Department of Homeland Security has appealed the Immigration Judge's decision. *See id.*; *see also* Resp'ts' Mot. Ex. 5 (Doc. No. 12-5).

On November 21, 2025, ICE agents took Petitioner back into custody "during a traffic stop." R. & R. at 2; Pet. ¶ 12. Petitioner is now detained at Diamondback Correctional Facility in Watonga, Oklahoma. R. & R. at 2.

Citing due process protections afforded under the Fifth Amendment and the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., Petitioner argues that his present detention is unlawful. *See* Pet. ¶¶ 17-34. Petitioner seeks immediate release or, in the alternative, the provision of a bond hearing. *See id.* at 10-11.

*II. Applicable Standards*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Challenges to a court's jurisdiction may be raised pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1); *see also id.* R. 81(a)(4); *Linville v. Barrows*, 489 F. Supp. 2d 1278, 1280-82 (W.D. Okla. 2007). A Rule 12(b)(1) motion for lack of subject-matter jurisdiction takes one of two forms: a facial attack or factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). "A facial attack on the complaint's allegations regarding subject matter jurisdiction questions the complaint's sufficiency and requires the court to accept the allegations as true." *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009).

In analyzing a motion to dismiss "for failure to state a claim upon which relief can be granted," the Court "accept[s] as true all well-pleaded factual allegations" in a petition and "view[s] them in the light most favorable" to the petitioner. Fed. R. Civ. P. 12(b)(6);

*Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1289-90, 1292 (10th Cir. 2001); *Frederick v. Hamilton*, No. CIV-24-837-R, 2025 WL 3002053, at *2 (W.D. Okla. Sept. 30, 2025) (R. & R.), *adopted*, 2025 WL 2997883 (W.D. Okla. Oct. 24, 2025). An initial pleading fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Bare legal conclusions in an initial pleading are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The INA "is the foundation" of the United States' "laws on immigration and naturalization." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1234 (10th Cir. 2026) (alteration and internal quotation marks omitted). Under the INA, the executive branch possesses "authority to detain noncitizens with pending removal proceedings" pursuant to two provisions: 8 U.S.C. § 1225 and 8 U.S.C. § 1226. *Id.* The former "makes no mention of bond and instead mandates that noncitizens subject to its authority 'shall be detained.'" *Id.* (quoting 8 U.S.C. § 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A)). The latter "permits immigration officials to 'release the alien on . . . bond.'" *Santillan Quiroz*, 180 F.4th at 1234 (omission in original) (quoting 8 U.S.C. § 1226(a)(2)(A)). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of

detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

*III. The Report and Recommendation*

The R. & R. identifies two claims raised in the Petition: (1) a violation of Petitioner's Fifth Amendment due process rights; and (2) a violation of the INA. *See* R. & R. at 3; *see also* Pet. ¶¶ 17-34. Respondents seek dismissal on the grounds that Petitioner fails to state a claim, that his statutory and constitutional arguments are jurisdictionally barred, that he is properly detained pursuant to 8 U.S.C. § 1225(b)(1), and that his requests for injunctive relief should be denied. *See* Resp'ts' Mot. at 6-7, 14, 21.[3]

Judge Mitchell first found that Petitioner "adequately raised constitutional and statutory challenges to his detention" and recommends that this ground of the Motion to Dismiss be denied. *See* R. & R. at 5-6. Respondents do not object to this finding, and the undersigned concurs.

Judge Mitchell next concluded that the Court has jurisdiction to consider Petitioner's claims, rejecting Respondents' argument that 8 U.S.C. § 1252(a)(5), (b)(9), and (g) preclude consideration of Petitioner's claims. *See* R. & R. at 5-7 (citing *Cao v. Bondi*, No. CIV-25-1403-G, 2026 WL 637617, at *3 (W.D. Okla. Mar. 6, 2026), *modified*

[3] Respondents' Motion to Dismiss includes exhibits relevant to Petitioner's initial entry and asylum proceedings. *See* Resp'ts' Mot. Exs. 1-6 (Doc. Nos. 12-1, -2, -3, -4, -5, -6); Pet. ¶¶ 9-14. As the Petition refers to these events and the documents are central to Petitioner's claims, the Court may consider the documents. *See Green v. Harpe*, No. CIV-25-996-J, 2026 WL 642196, at *2 (W.D. Okla. Feb. 17, 2026) (R. & R.), *adopted*, 2026 WL 640982 (W.D. Okla. Mar. 6, 2026).

*on other grounds*, 2026 WL 686839 (W.D. Okla. Mar. 10, 2026)). Respondents object, arguing that the R. & R.'s reliance on *Cao* is misplaced because the habeas challenge in *Cao* concerned a different immigration detention provision and context. *See* Resp'ts' Obj. at 5-6. Respondents reiterate their argument that the Court lacks jurisdiction to assess the Executive's discretionary decision to revoke Petitioner's parole. *See id.* at 4-5 (citing 8 U.S.C. §§ 1226(e), 1252(a)(2)(B)(ii)). Petitioner responds that the R. & R.'s determination of which statute controls Petitioner's detention does not implicate the statutory jurisdictional bars cited by Respondents. *See* Pet'r's R. & R. Resp. at 4-5.

The reasoning of *Cao* is instructive because both that action and the instant Petition challenge the legality of immigration detention, rather than a statutorily protected prerogative of the Executive branch. *See Cao*, 2026 WL 637617, at *2-3; *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026). The undersigned concludes that the Court has jurisdiction to consider Petitioner's claims because Petitioner challenges the legality of his detention—not a discretionary decision regarding his release status. *See* Pet. ¶¶ 27-30; *see also Pena Rebolledo v. Figueroa*, No. CIV-26-958-J, 2026 WL 2019969, at *2 (W.D. Okla. July 13, 2026) (R. & R.), *adopted*, 2026 WL 2138027 (W.D. Okla. July 24, 2026); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023). Accordingly, Respondents' jurisdictional objection is overruled.

Respondents next object that "Petitioner's designation as an arriving alien" on his Notice to Appear "is dispositive" to establish that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1). Resp'ts' Obj. at 2.

At this preliminary stage, the undersigned disagrees. Although "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)," *which* noncitizens remains an open question. *Santillan Quiroz*, 180 F.4th at 1237 n.6; *Romero Lopez v. Warden/Adm'r*, No. CIV-26-1090-R, 2026 WL 2643713, at *2 n.2 (W.D. Okla. Sept. 8, 2026). "Courts in this district and others have rejected [the] theory" that a petitioner "retains his status as an 'arriving' noncitizen subject to mandatory detention under § 1225(b) irrespective of the fact that [the petitioner] was released and allowed to live in the country for several years." *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (concluding that the petitioner had "a protected liberty interest in remaining out of custody"). Similarly, this Court has concluded that § 1225(b)(1) does not apply to noncitizens who were "paroled into the United States, permitted to reside in the country for several years, and [whose] current detention is not part of the inspection process or attempted entry." *Romero Lopez*, 2026 WL 2643713, at *1 (collecting cases). The Petition alleges that Petitioner "was released" into the United States after entering the country at a port of entry in November 2021, that he "resided . . . continuously" in the country since then, and that he was taken back into custody by ICE four years later "during a traffic stop." Pet. ¶¶ 9-10, 12. Accordingly, viewed in the light most favorable to Petitioner, the Petition contains sufficient factual allegations to plausibly claim that his detention violates the INA, that he possessed a liberty interest in remaining out of custody,

and that he was denied an opportunity to meaningfully challenge the deprivation of that interest. Respondents' objection to the R. & R.'s conclusion that Petitioner has stated a plausible claim for relief therefore is overruled.[4]

CONCLUSION

IT IS THEREFORE ORDERED:

1. In accordance with the above, the Report and Recommendation (Doc. No. 15) is ADOPTED IN PART. Respondents' Motion to Dismiss (Doc. No. 12) is DENIED.

2. Petitioner's habeas corpus claims shall proceed.

3. Respondents shall file an answer to the Petition (Doc. No. 1) within seven (7) days of the date of this Order. *See* Order of Jan. 30, 2026 (Doc. No. 10).

4. Petitioner's Motion (Doc. No. 19) is DENIED as moot.

This matter is re-referred to Judge Mitchell for further proceedings consistent with the initial case referral.

IT IS SO ORDERED this 23rd day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge

---

[4] In addition to recommending denial of the Motion to Dismiss, the R. & R. recommends granting habeas relief to Petitioner. *See* R. & R. at 7-15. Respondents do not specifically object regarding the Court reaching the merits of Petitioner's claims at the pre-answer stage. As there has been no citation to authority for this approach, however, the undersigned declines to address that aspect of the R. & R.