**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BATRAZ GAEV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-111-G** |
| | ) | |
| **DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Batraz Gaev, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Charles B. Goodwin referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents filed a motion to dismiss, Petitioner responded, and Respondents replied. Docs. 12, 13, 14. Judge Goodwin denied the motion to dismiss and re-referred the matter

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

to the undersigned. Doc. 20. Respondents filed a response, Doc. 21,[3] and Petitioner has replied, Doc. 22. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and procedural history.

Petitioner is a citizen of Russia who entered the country in November 2021 and was released from detention. Doc. 1, at 1, 3. He has been residing in the United States since his entry. *Id.* at 3. He applied for asylum shortly after entry and an Immigration Judge (IJ) granted him asylum in July 2025. *Id.* at 3, 7. On July 20, 2026, the Board of Immigration Appeals (BIA) vacated the IJ's decision. Doc. 21, at 2. On August 31, 2026, an IJ entered an order denying asylum and withholding of removal and ordered Petitioner removed. *Id.* Petitioner's appeal remains pending. Doc. 22, Ex. 1.

Immigration officials arrested Petitioner during a traffic stop and detained him on November 21, 2025. Doc. 1, at 4. Respondents are holding him

[3] Respondents did not file a response on behalf of the Warden of the Diamondback Correctional Facility because he is not a federal official. *See* Doc. 12, at 6 n.1.

without bond at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 3-4. He has no criminal record and has complied with the terms of his release conditions. *Id.* at 4.

## II. Petitioner's claims.

Petitioner argues his warrantless arrest violated his Fifth Amendment due process rights and did not comply with the Immigration and Nationality Act (INA). *Id.* at 6-7, 10. Petitioner develops this argument further in his reply. Doc. 22, at 4-5. The focus of the petition is that 8 U.S.C. § 1226(a) applies to him, as his proceedings are still pending with the BIA, and that he should receive a bond hearing. Doc. 1, at 8.

Petitioner asks the Court to issue a writ of habeas corpus and immediately release him from custody subject to his previous conditions or any other conditions the Court deems appropriate; order Respondents to provide him a bond hearing; declare that Petitioner's detention violated his Fifth Amendment due process rights; and enjoin Respondents from re-detaining Petitioner without giving him prior written notice of the grounds for detention and giving him an opportunity to be heard and to present evidence that he is not a flight risk and his release would not pose a danger to the community. *Id.* at 10-11. He also seeks an award of costs and attorney fees. *Id.* at 11.

Respondents argue:

> The Petition contains no specific claims or grounds for relief, and there are little to no specific facts to support the claims for relief this Court has seen on these issues of late. Employing a charitable interpretation of the Petition, Respondents read the Petition to contain a claim for a statutory violation based on DHS's commencement of proceedings pursuant to [8 U.S.C.] § 1225, and a claim for a due process violation stemming from Petitioner's continued detention. The Petition also makes extraordinary requests for relief by asking this Court to dictate the terms of any future re-detention.

Doc. 21, at 2-3. Respondents ask the Court to dismiss the petition. *Id.* at 15.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner adequately raises statutory and constitutional challenges.

Reviewing the Petition, the undersigned concludes Petitioner has adequately raised constitutional and statutory challenges to his detention. Doc. 1, at 4-8; *see Ramirez v. Noem*, No. CIV-25-1540-J, Doc. 11, at *3-4 (W.D. Okla. Mar. 9, 2026) (rejecting magistrate judge's recommendation and "declining to treat Petitioner's § 1226(a) claim as waived" after "conclud[ing] that the Petition adequately raises a claim under § 1226(a)"); *see also Akhalaia v. Figueroa*, No. CIV-26-133-R, 2026 WL 637620, at *2 (W.D. Okla. Mar. 6, 2026) ("The Court finds the allegations in the Petition and arguments in his Reply sufficient to raise the '§ 1225 and § 1226 issue,' as Respondents put it, and thus sufficient for the Court to determine Petitioner's case on the merits."). So the Court should decline to dismiss the Petition for failure to state a claim.

### B. Respondents' arguments as to § 1225(b)(1).

Respondents continue to insist that as an arriving alien, Petitioner is subject to mandatory detention under § 1225(b)(1). Doc. 21, at 3-9.[4] The Court should disagree.

---

[4] Section 1225(b)(1) provides that "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien

Upon initial entry, Petitioner may have been a candidate for expedited removal under § 1225(b)(1) as he was classified as an "arriving alien" and was charged with being inadmissible due to a lack of valid entry documents. Doc. 12, Att. 2, at 1, 4. But, the Notice to Appear (NTA) indicates the Government did not place Petitioner in expedited removal proceedings. The Government instead placed him in full removal proceedings under § 1229a.

Petitioner cannot be in full removal and expedited removal proceedings at the same time. *See Patel v. Tindall*, 810 F. Supp. 3d 824, 832 (W.D. Ky. Oct. 3, 2025) (collecting cases and noting that "Respondents in other cases have conceded that an individual cannot be in two removal proceedings

---

removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). This is commonly referred to as expedited removal.

> An applicant is subject to expedited removal if, as relevant here, the applicant (1) is inadmissible because he or she lacks a valid entry document; (2) has not 'been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility'; and (3) is among those whom the Secretary of Homeland Security has designated for expedited removal.

*Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020) (citing §§ 1225(b)(1)(A)(i), (iii)(I)–(II)). Noncitizens subject to § 1225(b)(1) potentially face mandatory detention. *See* 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV).

simultaneously.”). So, “even if § 1225(b)(1) could—as a general matter—apply to Petitioner, he is not currently subject to expedited removal proceedings and thus is not subject to § 1225(b)(1)’s detention provisions.” *Fadeev v. Lyons*, No. SA-25-CA-1758, 2026 WL 93147, at *4 (W.D. Tex. Jan. 7, 2026) (“Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist.”); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) (“Numerous courts have likewise concluded that a noncitizen’s detention does not necessarily revert to § 1225 upon termination of humanitarian parole.”); *Rafibaev v. Noem*, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (“Here, where Petitioner has been released on parole pursuant to [8 U.S.C.] § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.”).

“This Court, and indeed many others in this district and nationwide, have repeatedly concluded that [8 U.S.C.] § 1226(a) controls in this situation.” *Marcano v. Johnson*, No. CIV-26-1389-J, 2026 WL 2807028, at *1-2 (W.D. Okla. Sept. 18, 2026) (ordering a bond hearing where petitioner’s parole had expired and petitioner “was detained in the interior of the United States years

after his initial entry and after his humanitarian parole expired" and collecting cases).

Petitioner was not "seeking admission" at the border when ICE detained him in Oklahoma. So, he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 (W.D. Okla. July 14, 2026). Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)); *see also Zhakhonov*, 2026 WL 1865418, at *3 (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

So the Court should reject Respondents' argument that Petitioner is subject to § 1225(b)(1) and conclude that § 1226 governs his detention.

**C. A bond hearing is the proper remedy.**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the "proper" remedy. *Zhakhonov*, 2026 WL 1865418, at *3.

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending

completion of removal proceedings." *Id.* The Government has not provided Petitioner with an individualized custody determination since his re-detention. *See* Doc. 22, at 6; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."); *cf. Santillan Quiroz*, 180 F.4th at 1237.

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13

(directing district court to order the Government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)"); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

**D. The Court should decline to address Petitioner's remaining claims.**

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *Singh v. Gantt*, No. CIV-26-1771-R, 2026 WL 3307744, at *1 (W.D. Okla. Nov. 2, 2026) ("Because a bond hearing is the appropriate remedy regardless of whether Mr. Singh's detention

violates due process, the Court agrees with Judge Erwin and declines to reach the Constitutional question.”).[5]

## V. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court **grant Petitioner’s habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.**[6] The undersigned also recommends that the Court order

[5] Petitioner argues his arrest three days before ICE issued a warrant violated § 1226(a). Doc. 22, at 4-6. But, even assuming a statutory violation, Petitioner fails to identify how or why he is owed greater relief than a bond hearing. *See, e.g.*, *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sept. 21, 2026) (finding that even though ICE arrested the petitioner without a warrant, “the relief warranted [was] a bond hearing pursuant to § 1226”); *see also Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026) (“Given that a warrant and NTA have been issued and Petitioner has received not one but two bond hearings, the Court finds Petitioner's warrantless arrest does not merit his immediate release.”).

[6] Petitioner asks the Court to require the Government to prove by clear and convincing evidence that he poses a danger to the community or a flight risk. Doc. 1, at 10-11. But this Court has declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) (“[T]he Court declines to place the burden on the Government to justify Petitioner’s detention pending removal proceedings, at this time.”); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (“At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.”). So the undersigned does not recommend it here.

Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.[7]

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 19, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore*

---

[7] Petitioner requests an award of costs and fees. Doc. 1, at 11. To the extent that Petitioner may be entitled to an award of fees under the Equal Access to Justice Act (EAJA) as a prevailing party, Petitioner must seek that award separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B).

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

*v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE